CHARLES MORAN, *Ex. vs.* KATRINA CORNELL *et al.*

JUNE 6, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEENEY, J. This bill in equity is brought by the executor and trustee under the will of John Cornell and the trustee under an identure of trust executed by said John Cornell praying for the construction of portions of said will and instructions relative to said trusts. All persons interested in said will and trusts have been made parties. The bill being ready for hearing for final decree has been certified to this court for determination as required by § (4968), G. L. 1923.

John Cornell of the town of Portsmouth in the county of Newport died September 23, 1926. His will dated May 8, 1916, was duly admitted to probate in said town. Nearly 10 years after Mr. Cornell made his will he conveyed and delivered most of his personal property to trustees in trust to pay the income to himself and his wife during their lives and at the expiration of their lives to pass said trust property to such persons as he should by will or deed appoint, or, in default of such appointment, to his next of kin. Mrs. Cornell survived her husband and she is now over 80 years of age. February 1, 1927, she was adjudged an incompetent person and guardians were appointed of her person and estate and they are parties to this cause.

By the 3rd paragraph of his will Mr. Cornell gave to his wife his furniture, silver, etc. and $25,000. By the 6th paragraph he devised his farm to his cousin Douglas Cornell for life and upon his death to his son John. After expressing the hope that the farm should not be sold or mortgaged and that the buildings should be kept and maintained in their present condition and the graveyard thereon kept intact, he gave $20,000 to said Douglas Cornell for life, the income only of said fund to be used in the expense of and improvements on said farm and upon his death he gave said sum to said John Cornell. After making two other gifts of $1,000 each, by the 7th paragraph he bequeathed the remainder of his estate to trustees, in trust, to pay the net income therefrom to his wife during her life in monthly installments commencing at his decease. Upon her decease he be-

queathed $23,000 of said remainder to five religious corporations; $30,000 to said Douglas Cornell for life, with remainder to his son John; and the rest of said remainder to his niece and her five children. He then stated that "the provision for my wife herein made is in lieu of her dower." The guardians of the person and estate of Mrs. Cornell have elected to accept the gift of $25,000 in lieu of her dower and have demanded payment of the same.

At the time of his death Mr. Cornell was possessed of personal property of the value of about $46,000. His debts, administration charges and an allowance of $6,000 to his widow amount to about $26,000, leaving a balance in the hands of the executor of about $20,000. It thus appears that the net personal estate of the testator is insufficient to pay the legacies of $25,000 to his wife, $20,000 to Douglas Cornell and $2,000 to two persons.

At the time of the death of Mr. Cornell the estate which he had conveyed in trust was of the value of $93,451.79. He reserved the right to pass said trust property to such persons as he should appoint by will or deed. All of the parties agree that said power has been executed by the testator but they disagree as to how it was executed. Douglas and John Cornell contend that it was executed by the whole will and that, upon the death of Mrs. Cornell, the entire trust fund should be paid the executor of the will and used for the payment of all of the legacies, debts and charges of administration. Several of the legatees named in the 7th paragraph of the will claim that the power was executed only by this paragraph as a residuary gift and that upon the death of Mrs. Cornell the trust fund should be paid to the trustee named in the 7th paragraph and disposed of as provided therein and that said trust fund can not be used for the payment of the legacies given in the preceding paragraphs of said will. The complainant has asked for instructions on the questions raised by these contentions.

In construing wills the fundamental rule governing courts is, so far as possible, to ascertain and give effect to the in-

tention of the testator. *Frelinghuysen* v. *N. Y. Life Ins. & Tr. Co.*, 31 R. I. 150; 28 R. C. L. 211. "The court should place itself in the position of the testator, as nearly as may be, and endeavor, if possible, to give his language such interpretation as will carry out his intention. In other words, the intent of the testator as it appears from his will, taken as a whole, rather than any particular word or phrase, should govern." *Cook* v. *Cook*, 35 R. I. 342, 351; *Bailey* v. *Brown*, 19 R. I. 669; *Boardman, Petitioner*, 16 R. I. 131. A will is construed to speak and take effect as if it had been executed immediately before the death of the testator, § (4296), G. L. 1923, but the facts and circumstances existing at the time of its execution may be considered in determining his intention.

At the time Mr. Cornell executed his will he was worth about $250,000 in personal property and the only real estate he owned was the Cornell farm. His general intent, apparent from his will, was to give his wife $25,000 absolutely and the net income from the remainder of his estate for her life, less the farm and $20,000 which he gave to his cousin Douglas Cornell. After making this provision for his wife, he made bequests, to take effect upon her death, of $23,000 to five religious corporations and $30,000 to Douglas Cornell. By the 7th clause of the 7th paragraph he gave "all the rest residue and remainder of my estate to my niece" and her (5) children "to be divided between them share and share alike." This latter clause is the true residuary clause in the will. There can be but one residue—that which is left after the payment of the debts, legacies, specific and general and satisfying the other specific gifts. *Frelinghuysen* v. *N. Y. Life Ins. & Tr. Co.*, 31 R. I. 150 at 160. Mr. Cornell never intended that his niece and her children should take all of the trust fund to the exclusion of his wife and the other legatees. Our statute, § (4299), G. L. 1923, relating to the execution of a power of appointment by will, provides, among other things, that a bequest of the personal estate of the testator or any bequest of personal property described

in a general manner, shall be construed to include any personal estate or any personal estate to which such description shall extend, as the case may be, which he may have power to appoint in any manner he may think proper and shall operate as an execution of such power, unless a contrary intention shall appear by the will. In the 2nd paragraph of his will Mr. Cornell states that as to "all the property real, personal and mixed of which I shall die seized or possessed, or to which I may be entitled at the time of my decease" I give and dispose of as follows. He authorized his executor to sell any of his real estate excepting the Cornell farm. The testator never intended that his wife should not receive the $25,000 bequest or that the Cornell farm should be sold to pay any of the legacies. There is nothing in his will to indicate that he did not intend that the property he had placed in trust should not be used for the purpose of paying all the legacies mentioned in his will. To hold that the power was executed only by the residuary clause would render inoperative the prior bequests in the will.

This case falls within the third class of cases mentioned by Judge Story in Blagg v. Miles, Fed. Cas. 1479, which have been held to be sufficient demonstrations of an intended execution of a power, namely, "where the provision in the will or other instrument executed by the donee of the power would otherwise be ineffectual or a mere nullity; in other words, it would have no operation except as an execution of the power," referred to in *Mason* v. *Wheeler*, 19 R. I. 21. See also *R. I. H. Tr. Co.* v. *Dunnell*, 34 R. I. 394; *Brown* v. *Phillips*, 16 R. I. 612; *Hartford-Conn. Tr. Co.* v. *Thayer*, 134 A. 155. A case similar to this one in many respects is that of *Barret* v. *Berea College*, 48 R. I. 258, in which it was held that the power of appointment was executed by the will and not by the residuary clause.

We are of the opinion that the testator executed the power of appointment by his entire will. Therefore, in answer to the 8th request for instructions, we say that the trustee

under said indenture of trust, upon the death of Mrs. Cornell, should pay the principal of said trust fund to the complainant in his capacity as executor of said will to be administered and applied in accordance with the terms of said will.

The first request for instructions is: Should the executor pay the bequest of $25,000 to Mrs. Cornell, in preference to all other bequests inasmuch as she has accepted the provision in said will in lieu of dower? We answer this request in the affirmative as we have held that a gift to a wife in lieu of her dower is not subject to abatement and must be satisfied in preference to all other bequests. *Sherman* v. *Riley*, 43 R. I. 202; *Potter Ex.* v. *Brown*, 11 R. I. 232.

The third request for instructions is: Should the proceeds of the sale of the real estate in New York be used for the payment of said bequest to Mrs. Cornell? We answer this request in the affirmative as this real estate was not specifically devised and the will authorized the executor to sell any or all of the real estate of the testator, excepting the Cornell farm.

The fourth request for instructions is: Should the Cornell farm be sold for the purpose of paying said bequest? As this farm is specifically devised, and it is apparent from the will that the testator did not wish it to be sold, we answer the request in the negative. It appears that the executor will eventually receive sufficient money from the trust fund to enable him to pay said bequest. In the meantime, if necessary, he may apply to the Probate Court of the Town of Portsmouth for permission to mortgage said farm for a sum sufficient to pay said bequest. §§ (5338), (5341), G. L. 1923.

The fifth request for instructions is whether the following portion of the 6th paragraph is a valid gift: "I further give, devise and bequeath to the said Douglas Cornell, the sum of $20,000 to be invested by him and the income only of said fund to be used in the expense of and improvements on said farm for and during his natural life and upon his death I give and devise said sum with the same conditions to John Cornell, son of said Douglas Cornell."

In the preceding portion of said paragraph the testator gave his farm known as "The Cornell Farm" to his cousin Douglas Cornell for and during his natural life and upon his death he devised the same to his son, John Cornell. He then expressed the hope that the farm should not be sold or mortgaged; that the buildings standing may be rented, repaired and improved or if necessary rebuilt, but that no additional buildings shall be erected or rented and that the graveyard located within said property should be kept intact for the burial of any members of the Cornell family.

By statute § (4304), G. L. 1923, a devise of real estate without words of limitation shall be construed to pass the fee simple or other estate which the testator had power to dispose of by will, unless a contrary intention shall appear. It appearing in the will that it was the hope of the testator that the farm should be kept in the family of said John Cornell he took the whole interest and estate of the testator in the farm subject to the life estate of his father. The same rule applies to the gift of $20,000 contained in said paragraph. The real residuary legatees contend that this gift is void claiming that it is a gift in perpetuity for a noncharitable trust. We cannot agree with this contention. A trust cannot exist where the same person possesses both the legal and the beneficial interest. *Whitmore* v. *Church of the Holy Ghost*, 117 A. (Me.) 469; 26 R.C. L. 1186.

In this case the gift was made direct to Douglas Cornell for life and upon his death to his son John. The legal estate and beneficial interest vested in them and upon the death of his father John Cornell took an absolute estate in said sum. The testator wanted Douglas and John Cornell to maintain and improve the farm and made this gift to them to help them to do so. We therefore advise the complainant that the said gift to Douglas Cornell and his son John is a valid one.

The seventh request for instructions is whether the bequest of $30,000 to Douglas Cornell for life, with remainder to his son John, as contained in the 6th clause of the

7th paragraph of said will is valid. All parties agree that the gift is valid and we so hold and advise the executor accordingly.

In view of our answers to the above requests the other requests for instructions become immaterial.

June 19, 1928 the parties may present a form of decree in accordance with this opinion.

*Sheffield & Harvey*, for complainant.

*Burdick, Corcoran & Peckham, Edward J. Corcoran, Clark Burdick*, for respondents Cornell.

*Moore & Curry*, for respondents Morgan, *et al.*

*John H. Nolan*, for Katrina Cornell *et al.*

*Mortimer A. Sullivan*, for respondent Duyckinck.