ELIZABETH C. SKINNER, Individually and as Surviving
Trustee *vs.* ESTELLE HAZELTINE BRUNSEN *et al.*

MAY 11, 1943.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is a bill in equity for the construction of
a will and for instructions to a trustee thereunder. When

the cause was ready for hearing for final decree in the superior court it was certified to this court for determination under the provisions of general laws 1938, chapter 545, § 7.

The complainant brings the bill individually and also as surviving executrix and trustee under the will of Edward W. Brunsen, Sr., late of Bristol, Rhode Island, deceased, hereinafter referred to as the testator. The respondents are of full age and are, together with the complainant, all the parties having an interest in the determination of the questions raised in the present cause.

It appears from the bill of complaint, the answer and testimony taken in the superior court that the testator died May 9, 1891. Surviving him were his wife and four children, two other children having previously died in infancy. The testator's wife died May 23, 1892. His son Clayton P. Brunsen died November 5, 1935 and was survived by two daughters, Frances W. Brunsen and Hope Brunsen, who are respondents herein. His daughter Sarah W. Brunsen died June 4, 1937, unmarried, and without issue. His son Edward W. Brunsen, Jr., died June 2, 1941 without issue but leaving a wife, Estelle Hazeltine Brunsen, who is the real respondent and who will be hereinafter referred to as the respondent. The complainant is the testator's only living child.

The testator in his will, after appointing his executors, providing for the care of several cemetery lots, making certain bequests and attending to other preliminary matters, provided in the eighth clause thereof that all the rest, residue and remainder of his estate, real and personal, be divided as nearly as might be by his executors into six equal parts to be held by them, however, in trust for certain purposes. Two of these parts were to be held for the benefit of his wife during her life. The remaining four parts were to be held in trust for his four surviving children, each child to receive the beneficial interest from one of said shares respectively during his or her life.

The third paragraph of such eighth clause reads as follows: "3rd, I give, devise and bequeath to my executors and executrix, hereinbefore named, and to their survivors and survivor, successors and successor, one other of said equal sixths parts, in trust nevertheless, to enter into and take possession of the same, and hold the same, in trust, and invest and keep invested the same, and receive the interest, income, rents, dividends and profits of the same, and apply such interest, income, rents, dividends and profits to the use of my son Edward W. Brunsen Junior, for and during his natural life; and after his death to pay assign, transfer and set over, the principal of said trust fund, so held for him, to the heirs at law of my said son."

Edward W. Brunsen, Jr. having died, the trust so created for his benefit terminated. By her bill the complainant asks this court to construe the said third paragraph of the eighth clause of the testator's will and instruct her concerning her rights, duties and obligations as to: "1. Whether the said Estelle Hazeltine Brunsen as the widow of said Edward W. Brunsen (Jr.) is an heir at law entitling her to share in said trust estate and if so, the proportionate part of her said interest; 2. In what proportion and to whom should said trust property and estate be distributed".

The respondent contends that under the proper construction to be given the phrase "to the heirs at law of my said son", as used in the third paragraph of the eighth clause of the testator's will, she is entitled to participate in the distribution of the personal property included in the one-sixth part of the testator's residue which was held in trust for her husband during his life and from which he received the income. She maintains that she is entitled to such participation under the laws of this state and in particular under G..L. 1938, chap. 567, § 9, which was in effect when Edward W. Brunsen, Jr. died and which provided as follows: "The surplus of any chattels or personal estate of a deceased person, not bequeathed, after the payment of his just debts, funeral charges, and expenses of settling his estate, shall

be distributed by order of the probate court which shall have granted administration in manner following: *First.*— The sum of $3,000.00 from said surplus and one-half of the remainder to the widow or surviving husband forever, if the intestate died without issue." The complainant and the respondents Frances W. Brunsen and Hope Brunsen vigorously dispute the correctness of the above contention and urge that the case of *Lewis* v. *Arnold,* 42 R. I. 94, is in their favor and is decisive of the questions now before us.

Our primary duty in construing the will in the present cause is, if possible, to ascertain therefrom the testator's intent when he directed that the portion in question of his residuary estate be distributed after the death of Edward W. Brunsen, Jr. to the latter's "heirs at law"; and then to carry out such intent if it is lawful. This general principle is controlling and is so well established that authority for its support need not be cited.

What persons then did the testator mean when he used the term heirs at law of his son Edward W. Brunsen, Jr.? In the first place it seems clear that in this instance the class so described by the testator is to be determined by the laws of this state. It is his will, not that of his son, which is being construed and his property which is to be distributed. The testator lived and died in Bristol, his will was executed and probated and his estate was administered there. We find no intent on his part to have the law of any other jurisdiction apply in this connection. See *Matter of Battell,* 286 N. Y. 97 and 722; *Lincoln* v. *Perry,* 149 Mass. 368.

It has been held by this court that when the term heirs at law or equivalent words are used by a testator to describe a class of persons to receive property such words will usually be given their technical meaning unless a contrary intent appears. In *Goodgeon* v. *Stuart,* 50 R. I. 6, at page 8, the court stated: "The testator uses the word 'heirs', a word which has a well-known legal meaning, and, unless some-

thing appears to clearly indicate a different intention, it must be presumed that he used the word in its ordinary legal sense."

However, since those who take realty and those who take personalty under statutes providing for the descent and distribution of intestate property are not necessarily the same persons, and since a surviving husband or wife may be permitted to receive personal property under such circumstances, difficulty at times arises in discovering a testator's intent in using such words as heirs at law to describe a class of persons to whom personal property only, or both personal and real property, is to be distributed under his will. It therefore frequently becomes necessary to determine the nature of the property which is to pass at the termination of the trust provided for in the will being considered in order to aid in ascertaining the testator's intent in using such words. In our opinion, we have a situation of that kind now before us.

In the present cause it appears from the bill of complaint and from an exhibit attached thereto that the property comprising the trust which was held for the benefit of Edward W. Brunsen, Jr. during his life, which property is now awaiting distribution, was entirely personalty at the time of the latter's death. The respondent, his widow, therefore contends that, as the distribution of personal property only is involved, she is one of the class described in the testator's will as her husband's "heirs at law" within a general and broad construction often given that term under such circumstances, and that as such widow she is entitled to the amount of personal property she would have received under G. L. 1938, chap. 567, § 9, if her husband had died intestate possessed of such property.

She relies on *Quinn* v. *Hall, Jr.*, 37 R. I. 56, which decision was confirmed in *Branch* v. *DeWolf*, 38 R. I. 395. In support of her position the respondent calls our attention to the following language at page 71 of the court's opinion

in the *Quinn* case: "It is an established rule of construction that where the estate to be divided is in the form of personalty the words 'heirs' or 'heirs-at-law' shall be held to mean those entitled to succeed to personal estate in case of intestacy." It is clear, however, that the court made that statement in connection with the construction which it had placed on the will then before it. The language in question should not be considered as if standing alone, but should be construed in relation to its context, to the remainder of the opinion, and to the cases relied on by the court in reaching its decision.

Often a testator expresses his intention in his will that such real property as may be in the estate which he is leaving in trust should be converted by his trustee into personalty. Such an intention may appear in his will in various forms, frequently by an express direction to the trustee to that effect. Under such circumstances it has been held that the testator intended that when the time arrived for the ultimate distribution of the trust estate it was to pass to his designated beneficiaries as personal property only.

In such an instance the estate to be divided would be in the form of personalty according to the testator's clear intent. Cases so holding are cited and discussed in the opinion of the court in the *Quinn* case. There the majority of the court found that such an intention as we have just referred to was clearly shown by the testator in that will, because he contemplated that such a conversion would be made before the final distribution of the trust property; and his will was construed by them on that basis. Such an intention, as found by the court, clearly makes the *Quinn* case distinguishable on its facts.

A careful examination of the will before us shows no such intent on the part of the testator in respect to the conversion of realty into personalty. In fact, it is clear that the testator's intent in that connection was just the reverse. It is plainly apparent that at the time his will was executed

in 1887 his estate consisted of both real and personal property, and there is nothing in the record before us to indicate that he himself changed the nature of his estate prior to his death in 1891, four years later.

The ninth clause of the testator's will is as follows: "I order and direct my said executors and trustees, their survivors or survivor, successors or successor, or whomsoever by this will may for the time being be lawfully in charge and possession of my real estate or the different portions thereof, that out of the rentals derived from the same, they shall keep the buildings and improvements upon the same in good repair and condition, cover the same against loss and damage by fire; keep the property free from all incumbrance by way of taxes, assessments or water rates or other municipal, state or county charges of any kind; and do generally all that may be needed or required to be done, to protect and preserve the property so entrusted to them; and in case of loss or damage by the elements, to repair, rebuild or renew the same, to the end that the said real estate so entrusted, *may be securely preserved and continued intact.*" (italics ours)

Nowhere in the will is there any provision expressly directing the executors or trustees to sell any of the real estate in the trust estate, and there is not even any provision authorizing the executors or trustees to sell said real estate at their option in order to better carry out the purposes of the trust. The will is not only entirely silent in this regard but there are expressions therein which indicate a contrary intent, thereby differing substantially from the will before the court in the *Quinn* case. Such absence of authority is the more noticeable because in the tenth clause of his will the testator provides, in respect to his personal estate only, as follows: "It is my will, and I order and direct, that my said executors and trustees, their survivors or survivor, successors or successor, shall have full power and authority to change the investments of my personal property and its accumulations, if any, or any part of it, from time to time,

and as often as in their judgment the safety of said investments may require; and as often as the securities in which said monies are or may be invested are called in, redeemed or paid off, to invest and reinvest the same."

Furthermore, in the first paragraph of the eighth clause of his will, wherein the testator sets up a trust in favor of his wife in two of the equal sixth parts into which he had directed that his residuary estate be divided, he uses the following language in respect to the partial distribution of such two parts after his wife's death: "And upon the further trust after the death of my said wife, out of the personal estate belonging to the principal of said fund so held in trust for her, to pay the following legacies: and I hereby bequeath the same out of said personal estate, if any, belonging to said trust fund, after the death of my said wife, as follows: . . . Provided nevertheless, that if at the time of my wifes death, there should not be in the trust fund so held for my said wife, sufficient personal estate out of which said legacies can be paid, that then, and in that case my said executors, their survivors or survivor, successors or successor, shall apply so much of said personal estate as there may be, (if any) to that purpose, and continue to hold said trust fund, in trust, and receive the income thereof, as before, and apply such income from time to time towards the payment of said legacies until the same shall be fully paid: And upon the further trust, after the death of my said wife and the payment of the aforesaid legacies out of the personalty of said trust fund, or out of its income as hereinbefore provided, then to divide the principal . . . ."

We find therefore that the testator intended that, upon the termination of the trust in question, those who were to take the property as "heirs at law" of his son Edward W. Brunsen, Jr. should receive at least a part of that property in the form of realty, that is, the part of which the testator himself died seized and possessed. Assuming, however, that for good cause such realty comprising part of

said trust estate was, after the testator's death, validly converted by the trustees into personalty and has since so remained, it nevertheless is clear that it was his intention that under such circumstances the fund resulting from that conversion should, for the purpose of final distribution, retain its original character until distributed absolutely; and that the proceeds of such realty should be treated as realty in making final distribution of the trust fund. *Rhode Island Hospital Trust Co.* v. *Harris,* 20 R. I. 408; *Gray* v. *Whittemore,* 192 Mass. 367.

In our judgment we are, therefore, in this cause confronted with a situation in which the trust property to be finally and absolutely distributed free of such trust was intended by the testator to be partly realty and partly personalty. The respondent argues broadly that, as the widow of Edward W. Brunsen, Jr., she is at least entitled to take the surplus of the personal property in the trust estate in question up to the amount allowed her by the statute of distribution hereinbefore set out. There is some authority for this contention. Where the distribution of both real and personal property is involved, it has been held that different classes of persons may take under one limitation. See *Meeker* v. *Forbes,* 84 N. J. Eq. 271, 86 N. J. Eq. 255. 3 Restatement of the Law of Property, 1671, 1676.

The greater weight of the decided cases, however, is against the respondent's contention and supports the position that when the subject matter of the gift, at the time of distribution, is partly realty, actually or to be so considered, and partly personalty the testator does not, in the absence of an indicated intent to the contrary, intend different persons to take under the single limitation different parts of his gift, he having described the class of persons to take his gift simply as heirs or heirs at law, or by some similar term. Some recognition is thus accorded to the fact that the terms "heirs" and "heirs at law" have, in the absence of a contrary showing, ordinarily some technical meaning. The above-decided cases hold, in substance, that all the

property involved, both real and personal, would pass as one single gift to those who would take under the statute providing for the descent of real property in case of intestacy, unless a contrary intent appeared in the will. The authorities so holding are discussed and digested in the dissenting opinion in the *Quinn* case. See also *Gardner* v. *Skinner*, 195 Mass. 164. No contrary intent, as above referred to, appears here.

Obviously, there is at best difficulty in ascertaining the intention of a testator who, under the circumstances thus referred to, has made a gift consisting of both real and personal property under a single limitation to heirs or heirs at law. Upon consideration we see no sufficient reason for not adopting the above view on this point taken by the majority of the courts in which the question has been decided. In view of this result we need not consider the contention of the complainant that *Lewis* v. *Arnold, supra,* is decisive of the questions raised in this cause.

Our conclusions therefore are as follows: The testator having died seized and possessed of real estate, some of which became part of the trust estate held for the benefit of his son Edward W. Brunsen, Jr. during his life, the respondent is not, in our opinion, an heir at law of said Edward W. Brunsen, Jr., under the proper construction of the testator's will, so as to enable her to share in any way in any part of the trust estate in question. Under these circumstances such part of the testator's trust estate should be distributed, one-half to the complainant individually, and one-quarter each to the respondents Frances W. Brunsen and Hope Brunsen.

On May 19, 1943, the parties may present to this court a form of decree, in accordance with this opinion, to be entered in the superior court.

*Henshaw, Lindemuth & Siegl, Benjamin F. Lindemuth, James O. Watts,* for complainant.

*Tillinghast, Collins & Tanner, Colin MacR. Makepeace,* for respondent Estelle Hazeltine Brunsen.