GIUSEPPE CARAMATRO, *Ex'r vs.* LUIGI CARAMATRO *et al.*

JULY 25. 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J.   This bill in equity was brought for a construction of the will of Maria Anna Caramatro, alias, late of the city of Cranston in this state, deceased.   The complainant is a son of the testatrix and the executor of her will.   The respondents are all the other parties in interest. They are of age and had notice of the proceedings, but only two, Fred A. Larney and Elizabeth Larney, filed an answer. A decree *pro confesso* was duly entered against all other respondents and the cause proceeded on bill, answer and evidence.   When the cause was ready for hearing for final decree it was certified to this court for determination in

accordance with general laws 1938, chapter 545, §7.

Maria Anna Caramatro, the testatrix, was married twice. By her first marriage to Nicenzo Lanni four children were born, two boys and two girls, and they are among the respondents. After the death of her first husband she married Giovanni Antonio Caramatro, a widower, hereinafter called the husband. Five children were born of this marriage, and they are also respondents.

So far as pertinent the evidence discloses that at the time of the execution of the will on November 23, 1933 the testatrix and her husband had interests in three parcels of real estate located on Florida avenue in the city of Cranston. They were delineated as lots numbered 892, 893 and 894 on plat No. 8 of the plats on record in the office of the assessor of taxes in that city.

At the time of the testatrix' death, April 29, 1938, lot No. 892 was improved by a house that was built by her and her husband. The title thereto stood in the name of the husband alone. Lot No. 894 was also improved by a house erected by testatrix and her husband. The title thereto stood in the name of the testatrix alone. The tax values of these two improved lots were respectively $6,800 and $6,700. Lot No. 893, the third lot, was unimproved and was taxed in the sum of $300. From the time of its purchase the title thereto stood in the names of "Giovanni Antonio Cramadre and Ann Cramadre, his wife," who are identified by the bill and evidence as the husband and the testatrix.

The will was drawn by a friend who was not a lawyer and who at the same time drew a similar will for the husband. After ordering payment of just debts the pertinent provisions of the will read as follows:

"Second: I give, devise and bequeath to my husband, Giovanni Antonio Caramatro, my one-half interest in the real estate located on Florida Avenue in said Cranston, comprising land with buildings, which I hold as tenant in common with my said husband, for and during the term of his natural life.

"Third: Upon the death of my said husband, I give and devise to my five children, Francesca Caramatro, Giuseppe Caramatro, Angelina Caramatro, Teresa Caramatro, and Luigi Caramatro, in fee simple, the real estate described in the second paragraph of this will, in equal shares as tenants in common, upon condition, however, that they shall pay to my two daughters the following sums of money: — To Maria Caramatro, One Hundred Fifty ($150) Dollars, to Maria Domenica Almagno, One Hundred Fifty ($150) Dollars, and I make each of said payments a charge upon the estate devised to my other five children.

"Fourth: Unto my sons, Fred A. Lanni and Giacomo Lanni, I bequeath nothing because they are able to take care of themselves."

The bill seeks answers to the following questions: (a) whether the second clause disposed of lots numbered 893 *and* 894, or merely lot numbered 893, on the aforesaid assessor's plat; (b) whether the third clause of the will disposed of lots numbered 893 *and* 894, or merely lot numbered 893, on said plat; (c) whether the condition in the third clause required each of the five devisees to pay $150 to Maria Caramatro and $150 to Maria Domenica Almagno, or whether said five children collectively are obligated to pay that sum to each of the two named daughters; and (d) if the answer to questions (a) and (b) restrict the devise in the second and third clauses to lot numbered 893, whether the exclusion of her sons Fred A. Lanni and Giacomo Lanni by the fourth clause operated to preclude them also from taking any interest in the real estate which would then be intestate property.

The complainant recognizes the fundamental rule that the intent of the testator must be ascertained from the will as a whole, and such intent must be given effect, if reasonable, unless it is in violation of some established rule of law. *Hammett* v. *Wright,* 41 R. I. 264; *Moran* v. *Cornell,* 49 R. I. 308; *Skinner* v. *Brunsen,* 69 R. I. 159. However, he appears to urge, in substance and effect, that a consideration of the circumstances surrounding the testatrix at the time this will

was executed, as they appear in evidence, will disclose an intent to make a complete disposition of all her property, particularly the land with "buildings," and that such an intent should be carried out by an appropriate construction of the instant will.

This approach would reverse the established rule of construction and cause us to seek first the intent of the testatrix from the evidence and then to interpret the will in accordance therewith. In other words, the complainant seeks to import an ambiguity into the instant will by virtue of evidence presented at the hearing as to what the testatrix actually intended. Under accepted rules of construction if the will is unambiguous there is no necessity for looking to the evidence to determine the testatrix' intent. The will here is not ambiguous, and it can be given reasonable effect even though it may not thereby dispose completely of the interest owned by the testatrix in all the property in question.

Clause Second plainly disposes of her "one-half interest in the real estate" described as being held by her as a "tenant in common" with her husband. There was real estate on Florida avenue in Cranston which responds to that clear and correct description of the quantum of her interest and the character of her tenure. The complainant seeks also to include lot No. 894 in the disposition effected by clauses Second and Third, but such lot was not owned by the testatrix as "tenant in common" with her husband and the full title thereto rather than a "one-half interest" was held by the testatrix alone. Consequently she could not be reasonably referring thereto when she described her devise as a "one-half interest" in the real estate owned as a "tenant in common" with her husband.

We find no ambiguity in the second or third clause in this regard and consequently our answer to questions (a) and (b) is that clauses Second and Third effect only a disposition of lot No. 893 on assessor's plat No. 8 which was held by the testatrix as a tenant in common and in which she owned an undivided "one-half interest."

In relation to question (c), we are of the opinion that the stipulation or condition in clause Third by which payment of $150 was to be made to each of testatrix' two daughters therein named was intended to be a collective payment. We do not think that the testatrix intended or expressed the intention that each one of the five other children should pay the sum of $150 to each of the daughters before obtaining, on the death of the testatrix' husband, the fee simple as therein specified. In our judgment the language and the interest devised do not require such a conclusion.

The complainant seeks by question (d) a determination as to the effect of the fourth clause of the will which reads as follows: "Unto my sons, Fred A. Lanni and Giacomo Lanni, I bequeath nothing because they are able to take care of themselves." It is argued that the use of the word "bequeath" should not be taken in its usual significance, but should be interpreted as equivalent to "devise," applying to real estate generally and even to the real estate that might ultimately descend as intestate property.

We do not agree with this contention. Even if we interpret the word "bequeath" as intended here to mean also a "devise" of real estate, the clause in question would not operate to exclude heirs at law from inheriting property that did not pass under the will. The testatrix would have to dispose of that property to somebody else in order to effectuate the purpose of excluding heirs at law from participating in the inheritance of real estate. Here there is no residuary or other clause disposing expressly or by necessary implication of lot numbered 894. Her interest in that lot, the title to which was held in her maiden name alone, was not disposed of and did not pass *under* the will. In the circumstances such real estate would descend by operation of law as if there had been no will. Accordingly we are of the opinion that clause Fourth does not exclude the testatrix' children named therein from inheriting equally with the other heirs at law any real property of the testatrix which was not disposed of by and under her will but

408

which descended solely by operation of law as intestate property.

On October 1, 1951 the parties may present to this court for approval a form of decree, in accordance with this opinion, to be entered in the superior court.

*Monti & Monti, Michael A. Monti, Francis A. Monti,* for complainant.

*William G. Grande, John S. Brunero,* for respondents.